### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

**ANGELA KAY BROWN**                                                      **PLAINTIFF**

**VS.**                                            **CAUSE NO.** 1:22cv118-SA-DAS

**GRAMMER, INC., and DUANE RUSHING**                            **DEFENDANTS**

**JURY TRIAL DEMANDED**

### COMPLAINT

This is an action to recover actual and punitive damages for both quid pro quo sexual harassment and abusive work environment. A supplemental state law claim is made against the Individual Defendant, Duane Rushing. The following facts support the action:

1.

Plaintiff ANGELA KAY BROWN is an adult resident citizen of Tishomingo County, Mississippi.

2.

Defendant GRAMMER, INC. is a Minnesota corporation, with its principal place of business in the State of Mississippi. Defendant Grammer may be served with process through its registered agent, Michael David Tapscott, 322 West Jefferson Street, Tupelo, Mississippi 38804. Defendant Grammer is an employer within the meaning of the Civil Rights Act of 1964.

Defendant DUANE RUSHING is an adult resident citizen of Mississippi. Defendant Rushing may be served with process upon his place of employment at 231 Laney Drive, Shannon,

00368315.WPD

Mississippi 38868. At all relevant times, Defendant Rushing was the plant manager of Grammer, Inc.'s facility in Shannon, Mississippi.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, for a claim arising under Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 2000, *et. seq.*, as amended by the Civil Rights Act of 1991. Additionally, this Court has supplemental jurisdiction over Plaintiff's claim against Individual Defendant Rushing under 28 U.S.C. § 1267(a).

4.

Plaintiff was employed by Defendant as an HR generalist. Plaintiff worked under the supervision of the HR manager, Brad Boyd.

5.

During the time of Plaintiff's work, Plaintiff was continuously solicited for sex, invited to hotels, and sexually harassed every day by Defendant Duane Rushing. The sexual harassment adversely affected Plaintiff's ability to work.

6.

Plaintiff repeatedly complained about this sexual harassment to her immediate supervisor, Brad Boyd. Additionally, Boyd was present when some of the sexual harassment incidents occurred.

7.

Defendant Grammer was well aware of Rushing's sexual harassment because of complaints made by Sara Grace Stevens, who was constructively discharged because she could no longer tolerate the sexual harassment Defendant Rushing was inflicting upon her.

00368315.WPD -2-

8.

Plaintiff's repeated complaints to Brad Boyd, her immediate supervisor, were to no avail. Accordingly, after a severe incident of sexual harassment, to such an extent that Plaintiff became physically ill, regurgitating on the floor, Plaintiff had no choice but to leave her employment. Plaintiff was constructively discharged on October 18, 2021.

9.

Defendant Grammer, Inc. is liable to Plaintiff for the following:

A.      Quid pro quo sexual harassment since she was forced to leave her employment as a result of the sexual harassment; and

B.      Abusive work environment and sexual harassment since the harassment was so severe as to alter the conditions of her work, and make working at Grammer intolerable.

10.

Defendant Rushing is liable to Plaintiff for the Mississippi law tort of intentional interference with employment. Specifically, the following elements of intentional interference are present against the Defendant Rushing:

A.      Defendant Rushing's actions were intentional and willful;

B.      Defendant Rushing's actions were calculated to cause Plaintiff damages in her lawful employment;

C.      Defendant Rushing's actions were done for the unlawful purpose of causing Plaintiff damage and loss without right or justifiable excuse; and

D.      Plaintiff suffered actual losses in the form of mental anxiety and stress, and lost income.

11.

Plaintiff has suffered mental anxiety and stress, physical illness, and aggravation of a previous medical condition, all as a result of the unlawful and intentional acts of the Defendants.

12.

Plaintiff is entitled to actual damages for lost income, mental anxiety and stress, loss of enjoyment of life, fear, and embarrassment. Defendants are also liable for punitive damages.

13.

Plaintiff has filed an EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 25th day of August, 2022.

ANGELA KAY BROWN, Plaintiff

By:  */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
Ron L. Woodruff, MS Bar No. 100391
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEY FOR PLAINTIFF

00368315.WPD
-4-

STATE OF MISSISSIPPI

COUNTY OF LEE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named ANGELA KAY BROWN, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_____
ANGELA KAY BROWN

GIVEN under my hand and official seal of office on this the 12th day of August, 2022.

(SEAL)

_____
NOTARY PUBLIC

My Commission Expires: __9-17-2025__